UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ )<br>CHRISTINE A. MERCURIO, )<br>    Plaintiff )<br>)<br>v. )<br>)<br>TOWN OF SHERBORN, )<br>DAVID T. BENTO, )<br>LUKE W. TEDSTONE, )<br>JOHN S. COFFEY, )<br>MARK S. SCOLA, )<br>    Defendants )<br>_____) | Civil Action No. |

## COMPLAINT AND JURY DEMAND

This is a "section 1983" civil rights action sounding primarily in false arrest excessive force and malicious prosecution.  Christine A. Mercurio was arrested on March 15, 2012  and the charges were dismissed on June 9, 2014.

Plaintiff was falsely charged with assault and battery on her husband, Mohammed Kimakhe, and arrested.  Mr. Kimakhe denied being hit and had no injuries, yet the Plaintiff was still arrested for assault and battery on her husband.  During the arrest excessive force was used while she was being handcuffed and she was unnecessarily taken to the ground and roughed up.   While at the Sherborn Police Station Plaintiff was seated and handcuffed to the murphy bar.  Sergeant Tedstone pulled the chair out from under the Plaintiff causing injuries to her wrist, shoulder, and back.  The actions of the Defendants also caused the Plaintiff to suffer severe emotional distress from her treatment during and after her arrest.

1

Plaintiff was falsely and maliciously criminally charged with crimes.  After having spent thousands of dollars to defend herself, all criminal allegations against the Plaintiff were dismissed.

## PARTIES

1. The Plaintiff Christine A. Mercurio is an individual who lives at 181 Centre Street,  Town of Dover, County of  Norfolk,  Massachusetts.

2. The Defendant, Town of  Sherborn, is a body politic that can sue and be sued.

3. The Defendant David T. Bento is an individual whose current domicile is unknown to Plaintiff   but who is steadily employed at the Town of Sherborn Police Department, Sherborn, County of Middlesex, Massachusetts.

4. The Defendant Luke W. Tedstone is an individual whose current domicile is unknown to plaintiff but who is steadily employed by the Town of Sherborn, Police Department, Sherborn, County of Middlesex, Massachusetts.

5. The Defendant John S. Coffey is an individual whose current domicile is unknown to Plaintiff  but who is steadily employed by the Town of Sherborn Police Department, Sherborn, County of  Middlesex, Massachusetts

6. The Defendant Marc S. Scola is an individual whose current domicile is unknown to Plaintiff but who is steadily employed by the Town of Sherborn Police Department, Sherborn, County of Middlesex, Massachusetts.

## JURISDICTIONAL STATEMENT

7. The Complaint alleges violations of 42 U.S.C. §1983. Thus, there is "federal question jurisdiction" pursuant to 28 U.S.C. §1331 and § 1343. Additional counts are joined per Rule 18 and the doctrine of pendant or supplemental jurisdiction.

United Mine Workers v. Gibbs, 383 U.S. 715 (1966) and 28 U.S.C. § 1367.

Venue is proper in the Eastern Division of the District of Massachusetts because of the location of the events at issue and domicile of the parties per 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

### THE ARREST

8.  Plaintiff, Christine A. Mercurio is a thirty-two year old woman who lives with her husband, Mohammed Kimakhe, at 181 Centre Street, Dover, Massachusetts. On or about the evening of, March 15, 2012 at approximately 10:50 p.m., Plaintiff was driving with Mr. Kimakhe on South Main Street in the Town of Sherborn.

9.  Plaintiff and Mr. Kimakhe pulled the car to the side of the road because the Plaintiff wanted to smoke a cigarette and she does not smoke in the car.

10. Plaintiff and Mr. Kimakhe were standing near the car at the side of the road having a discussion when the police pulled up.

11. Officer Marc S. Scola exited his cruiser and accused the Plaintiff of punching her husband, Mohammed kimakhe, in the face.

12. Mr. Kimakhe denied being struck and had no injuries.

13. Despite Mr. Kimakhe's statement that he had not been punched in the face or hit in any way, Officer Scola & Sergeant Bento falsely put in their reports that Mr. Kimakhe stated that he had been hit by his wife.

14. The Plaintiff's father, Frank Mercurio, arrived at the location.  Mr. Mercurio and Mr. Kimakhe both explained to the police that the Plaintiff suffers from mental health issues and needs to be brought to the hospital to be evaluated.

15. Despite Mr. Mercurio's and Mr. Kimakhe's pleas to let them bring the Plaintiff to the hospital, the police said they were going to arrest her for assault and battery.

16. The husband, Mr. Kimakhe, again stated that he not been hit, had no injuries, and did not want his wife arrested. Officer Scola put in his report that he observed no injury to the husband.

17. Officer Scola told the Plaintiff she was being placed under arrest.  Plaintiff asked why she was being arrested.

18. Immediately upon asking why she was being arrested Sergeant Bento and Officer Scola violently bent the Plaintiff's arms behind her back and she was unnecessarily tackled to the ground causing injury.

19. During the arrest her arms were grabbed with great force and extensively twisted and the handcuffs were placed on overly tight causing injury to her wrists.

20. Plaintiff was put in the police vehicle and brought to the Sherborn Police Station.

21.  At the police station the Plaintiff was seated in a chair and handcuffed to the murphy bar in the booking area.

22. Plaintiff was displaying signs of mental illness and it was decided that the EMT's would be called to bring her to the hospital.

23. Plaintiff was seated at the murphy bar with her head down while handcuffed to the murphy bar.

24. Sergeant Luke Tedstone pulled the chair out from under the Plaintiff while she was handcuffed to the murphy bar causing her to fall to the floor.

25. Plaintiff suffered injuries to her back, neck, shoulder, and wrists from this fall.

4

26. Plaintiff was taken to the hospital and treated for injuries to her back, shoulder, and wrists.  She was also evaluated for mental health issues.

27. Plaintiff was treated at MetroWest Medical Center for her injuries.  She underwent a mental health evaluation and was later discharged.

## FORMAL CRIMINAL PROCEEDINGS

28. Christine Mercurio was charged with an eight count criminal complaint; assault and battery on her husband, assault and battery on a police officer, resisting arrest, disturbing the peace, disorderly conduct, assault and battery with a dangerous weapon, vandalizing property, and assault and battery on a police officer in Natick District Court on docket number 1287CR0285.

29. Each of the defendants was instrumental in obtaining the charges and pursuing the charges.

30.  Ms. Mercurio was forced to hire private counsel to defend the criminal case brought against her.

31. Defense counsel for the Plaintiff in the criminal matter obtained a video from the Sherborn police that shows the chair being pulled out from under her at the police station.

32. On or about June 9, 2014 all of the charges against Ms. Mercurio were dismissed.

33. The pendency of these charges caused Ms. Mercurio to suffer great anxiety and stress.

34.  The individual defendants' actions were taken with reckless disregard for the Plaintiff's constitutional rights. None of the arresting officers were disciplined.

## DAMAGES

35. Ms. Mercurio was shocked and humiliated at being arrested.  She physically suffered bruising to her shoulder, neck, back, and sprained and bruised wrists, for which she was treated at a hospital.

36. She suffered emotional distress, which included physiological manifestations such as sleeplessness, anxiety, panic attacks, and depression.  She suffered physical pain during her detention.  She suffered anxiety over the impact of this arrest on her reputation.  She continues to go to counseling.

37. As the criminal case progressed, Ms. Mercurio was required to utilize substantial personal time and expense to deal with court appearances and lawyer meetings.

38. Ms. Mercurio spent thousands of dollars defending herself, which expenditure led to dismissal of all the charges.

### COUNT ONE
### VIOLATION OF 42 U.S.C. § 1983
### (EXCESSIVE FORCE - ALL INDIVIDUAL DEFENDANTS)

39. Ms. Mercurio incorporates and adopts by reference all the facts and allegations above as though fully set forth herein.

40. By engaging in the conduct described above, the individual Defendants deprived Ms. Mercurio of clearly established and well settled constitutional rights while acting under color of law.  Specifically, the Defendants deprived Ms. Mercurio of rights secured and guaranteed to her by the United States Constitution including, but not limited to her right to be free from arrest without probable cause.

41. Further, the wrongful acts were undertaken with a grossly reckless disregard of Plaintiff's constitutional rights.

42.  Further still Defendants (jointly and severally) improperly instituted criminal proceedings against Plaintiff by initiating Plaintiff's arrest without probable cause.

43.  The defendants did so with malice and without probable cause.

44.  In or around June 9, 2014, the criminal prosecution of Ms. Mercurio was legally and finally terminated in her favor after over two years of legal dispute.

45.  As a result of their acts and omissions in causing the commencement and continuation of proceedings against Ms. Mercurio, Defendants proximately caused her great damage.

46.  Each of the Defendants, together with the Defendant Town of Sherborn and the individual Defendants in the civil action, engaged in a conspiracy to deprive Ms. Mercurio of her rights, privileges and immunities as guaranteed and protected by the Constitution of the United States in violation of the provisions of 42 U.S.C. § 1983.

47.  As a result of the Defendants' violations of Ms. Mercurio's civil rights, she suffered a loss of freedom, loss of enjoyment of life, physical injuries, extreme emotional distress and was otherwise damaged.

48.  The above constitutes violations of 42 U.S.C. § 1983 et seq.

**COUNT TWO:**
**VIOLATION OF 42 U.S.C. § 1983**
**AGAINST TOWN OF SHERBORN**

49.  Ms. Mercurio incorporates and adopts by reference all the facts and allegations above as though fully set forth herein.

50.  The Town of Sherborn, as an entity, through law enforcement officers at the highest level, encouraged, aided and abetted the violations of law described above

by actively encouraging the officers to use excessive force when initiating arrests.

Sherborn had an obligation to properly train its police officers on the elements of

criminal charges, and the right of persons to be free from unlawful arrests and the

use of excessive force.  Sherborn did not properly train or supervise its police

officers to assure that they complied with the law in arresting people without

probable cause. At all pertinent times, Sherborn had a policy or custom of

deliberate indifference to misconduct by its police officers by failing to properly

investigate misconduct and to discipline officers.  Sherborn also had a policy or

custom of tolerating a "code of silence" in which police officers understood that

they were not to report misconduct by fellow officers.

51.   Violations of law described above constituted a policy of the Town of Sherborn.

52.   Therefore, the Town as an entity, is liable to the plaintiff per 42 U.S.C. § 1983.

**COUNT THREE**
**CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1983**
**ALL DEFENDANTS**

53.   Ms. Mercurio incorporates and adopts by reference all the facts and allegations

above as though fully set forth herein.

54.   By having engaged in the conduct described above, the Defendants conspired to

deprive Ms. Mercurio of the equal protection of the law or of the equal privileges

and immunities under the law, and they acted in furtherance of the conspiracy,

which resulted in the injury to Ms. Mercurio described above, in violation of 42

U.S.C. § 1983.

**COUNT FOUR**
**VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT**
**(ALL DEFENDANTS)**

55.   Ms. Mercurio incorporates and adopts by reference all the facts and allegations

above as though fully set forth herein.

56.   By engaging in the conduct described above, including false arrest and the use of

excessive force the Defendants interfered with and deprived Ms. Mercurio of her

exercise and enjoyment of her civil rights secured under the laws of the

Commonwealth of Massachusetts, in violation of Massachusetts General Laws

Chapter 12 § 11I.

57.   As a direct and proximate result of the Defendants' violations of M.G.L. c. 12 §

11I, Ms. Mercurio suffered the injuries described above.

**COUNT FIVE**
**FALSE ARREST**
**(BENTO & SCOLA)**

58.   Ms. Mercurio incorporates and adopts by reference all the facts and allegations

above as though fully set forth herein.

59.   By their actions, Defendants did cause Ms. Mercurio to be arrested and detained

without probable cause.

60.   As a direct and proximate result of the acts described above, the plaintiff was

falsely imprisoned, deprived of her liberty, and therefore, was damaged

**COUNT SIX**
**MALICIOUS PROSECUTION**
**(ALL DEFENDANTS AND TOWN OF SHERBORN)**

61. Ms. Mercurio incorporates and adopts by reference all the facts and allegations

above as though fully set forth herein.

62. Defendants improperly instituted criminal proceedings against Plaintiff by initiating Plaintiff's arrest without probable cause.

63. The defendants did so with malice and without probable cause.

64.  The criminal prosecution of Ms. Mercurio was legally and finally terminated in her favor after over two years of legal dispute.

65. As a result of their acts and omissions in causing the commencement and continuation of proceedings against Ms. Mercurio, Defendants proximately caused her great damage.

**COUNT SEVEN**
**VICARIOUS LIABILITY**

66. Ms. Mercurio incorporates and adopts by reference all the facts and allegations above as though fully set forth herein.

67. To the fullest extent allowable under any theory of law, the Town of Sherborn is vicariously liable for the acts of its agents, servants and employees, including all persons named as defendants, but also including any other persons involved in the unconstitutional and otherwise flawed investigation and prosecution of  Ms. Mercurio.

**COUNT EIGHT**
**INTENTIONAL INFLICTION**
**OF EMOTIONAL DISTRESS (ALL DEFENDANTS)**

68. Ms. Mercurio incorporates and adopts by reference all the facts and allegations above as though fully set forth herein.

69. The intentional and or grossly reckless actions described above are attributable to each Defendant, jointly and severally.  These actions were outrages and beyond

the scope of common decency and cause the Plaintiff to suffer great emotional distress.

## COUNT NINE
## NEGLIGENCE (LUKE W. TEDSTONE)

70. Ms. Mercurio incorporates and adopts by reference all the facts and allegations above as though fully set forth herein.

71. Ms. Mercurio was in the custody and care of the Sherborn Police Department. The police had a duty to not cause unnecessary harm to her while in their custody and this duty of care was breached.  Sergeant Luke Tedstone was negligent in the way he removed Ms. Mercurio from the chair while she was seated and handcuffed at the murphy bar and this was the proximate cause of some of her injuries.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

1.  Order judgment in Plaintiff's favor in such amount as will fully compensate her for her losses to the greatest extent allowed by law;

2.  Order such payment of punitive damages as are allowed by law;

3.  Use its fullest equitable powers to order the Defendants:

    a.      to write complete and truthful police reports; and

    b.      to testify truthfully in court.

4.  Use its fullest equitable powers to order Defendants to institute appropriate police training, supervision and disciplinary response that will require and promote truthful police behavior;

5.   Order payment of interest, costs and attorney's fees pursuant to 42 U.S.C. §§

1983 and 1988 and M.G.L c. 12 § 11H and I, and any other statute or common

law theory applicable to these facts; and

6.   Order such further relief as this Court deems fair and just.

<u>**JURY DEMAND**</u>

**PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY ON ALL ISSUES**

**SO TRIABLE.**


RESPECTFULLY SUBMITTED,
PLAINTIFF

Dated: March 7, 2015

<u>/s/ *Stephen L. Bitsoli*</u>
Stephen L. Bitsoli, Esq.
BBO No. 564075
Law Offices of Stephen L. Bitsoli
1253 Worcester Road, Suite 402
Framingham, MA 01701
508-872-2000